UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MAQSOOD ALI HAIDARI,<br><br>Petitioner,<br><br>v.<br><br>BRUCE SCOTT, Warden of the Northwest ICE Processing Center; MARKWAYNE MULLIN, Secretary of the U.S. Department of Homeland Security,<br><br>Respondent. | CASE NO. 2:26-cv-01146-TL<br><br>ORDER ON PETITION FOR WRIT OF HABEAS CORPUS |

This matter is before the Court on Petitioner's Petition for Writ of Habeas Corpus. Dkt. No. 1. Respondents are Bruce Scott, Warden of the Northwest ICE Processing Center, and Markwayne Mullin, Secretary of the United States Department of Homeland Security ("DHS").[1]

//

//

---

[1] Petitioner names "Kristi Noem" as the Secretary of DHS; however, Ms. Noem has not been in this role since March 24, 2026. Therefore pursuant to Federal Rule of Civil Procedure 25(d), the Court now substitutes current DHS Secretary Markwayne Mullin for Ms. Noem.

ORDER ON PETITION FOR WRIT OF HABEAS CORPUS – 1

Having reviewed the petition, Respondent's[2] return memorandum (Dkt. No. 5), Petitioner's traverse (Dkt. No. 8), and the relevant record, the Court GRANTS IN PART and DENIES IN PART Petitioner's petition.

Petitioner previously filed pro se a habeas petition in this district, which was assigned to the undersigned with case number C26-39. The Court assumes familiarity with the facts in this case. *See Haidari v. Immigr. & Customs Enf't Field Off. Dir.*, No. C26-39, 2026 WL 764689 (W.D. Wash. Mar. 18, 2026). The Court previously concluded that Petitioner was detained under 8 U.S.C. § 1225(b)(2). *Id.* at *2. The Court denied Petitioner's petition under a *Banda* analysis, in part, because the length of detention, which is "the most important factor," had not yet reached "the rough six-month threshold at which detentions become less and less reasonable." *Id.* at *3 (citation modified) (citing *Banda v. McAleenan*, 385 F. Supp. 3d 1099, 1118 (W.D. Wash. 2019). Now represented by counsel, Petitioner has filed a new habeas petition asserting a material change in circumstances because his detention now exceeds the threshold at which detentions become less reasonable.

As a preliminary matter, Respondents argue that Petitioner's second habeas should be denied as an abuse of writ. Dkt. No. 8 at 5–7. Neither case law nor statutes expressly define what constitutes a second, successive, or subsequent habeas petition. *Barapind v. Reno*, 225 F.3d 1100, 1111–12 (9th Cir. 2000). But even accepting *arguendo* Respondents' position that "under this doctrine, a petitioner must demonstrate 'cause and prejudice' for failing to raise the claim in the prior petition, or that a 'fundamental miscarriage of justice' would result from the court's refusal to entertain the new claim," Dkt. No. 8 at 6 (quoting *McCleskey v. Zant*, 499 U.S. 467, 468–71 (1991)), the Court finds Petitioner demonstrates cause and prejudice. Petitioner was

---

[2] Where used in the singular, the term "Respondent" includes only Respondent Mullin. Respondent Scott has not responded to the habeas petition and has not appeared in this case.

ORDER ON PETITION FOR WRIT OF HABEAS CORPUS – 2

proceeding pro se with his first petition. Had he had counsel, he undoubtedly would have been advised to wait a month or two to file his petition so that the first *Banda* factor would fall in his favor. Having this one factor in his favor would have changed the outcome as he would have had three factors in his favor, including the most important one, tilting towards him rather than Respondents as it did.

The Court adopts and incorporates the ruling made in that case in this one. *See generally Haidari*, 2026 WL 764689. Given that the first factor now weighs in favor of Petitioner, however, three of the *Banda* factors—including the most important factor—are in favor of Petitioner, two are neutral, one weighs in favor of Respondent. Therefore, the *Banda* factors now point toward a finding that Petitioner's detention is unlawful, and that he is entitled to habeas relief. *See, e.g. Maliwat*, 2025 WL 2256711, at *9 (finding petitioner entitled to a bond hearing when two factors favored petitioner, four factors were neutral, and no factors favored respondents); 2025 *Rahman*, WL 1920341, at *5 (finding petitioner entitled to a bond hearing when four factors favored petitioner, one factor was neutral, and one factor favored respondents); *Hong*, 2022 WL 1078627, at *7 (finding petitioner entitled to a bond hearing when four factors favor petitioner, two factors were neutral, and no factors favored respondents).

While Petitioner argues that he should be released, Court-ordered released is not appropriate for a habeas petition granted under *Banda*. *See Banda*, 385 F. Supp. 3d at 1106 (holding that "unreasonably prolonged detention under § 1225(b) *without a bond hearing* violates due process" and establishing the six-factor test for determining whether a bond hearing is required (emphasis added) (citation modified)).[3]

---

[3] The Court acknowledges the Declaration of Jennefer K. Lesmez, filed in support of Petitioner's traverse. Dkt. No. 9. As a preliminary matter, the declaration has several serious deficiencies. First and foremost, while the declarant purports to be "co-counsel for Petitioner in this matter" (*id.* ¶ 1), no Jennifer K. Lesmez has entered an appearance in this case. Second, many of the facts in the declaration are not apparently based on personal knowledge (such as a 3% bond grant rate for Tacoma Immigration Judges since 2022), and the basis for these statements are not

ORDER ON PETITION FOR WRIT OF HABEAS CORPUS – 3

## I.   CONCLUSION

Accordingly, Petitioner's Petition for Writ of Habeas Corpus (Dkt. No. 1) is GRANTED. It is further ORDERED:

(1)     Respondents SHALL either release Petitioner or provide him with a bond hearing before an immigration judge within **fourteen (14) calendar days** of this Order.

(2)     Any fee petition SHALL be filed within the deadlines set by the Equal Access to Justice Act, 28 U.S.C. § 2412.

Dated this 1st day of May, 2026.

Tana Lin
United States District Judge

---

explained. Third, the declaration is not sworn or affirmed under penalty of perjury. Finally, these facts should have been introduced with the Petition, so that Respondents could be heard. Putting these errors aside, the declaration, if true, certainly raises grave and legitimate concerns. But the Court may not simply replace its discretion for discretion given to DHS and the immigration courts to evaluate a noncitizen's dangerousness and risk of flight. Nor has Petitioner shown (though he now alleges, too late, in his traverse) that his re-detention was unlawful in the first instance, such that he might be eligible for Court-ordered release. Under *Banda*, he is not.

ORDER ON PETITION FOR WRIT OF HABEAS CORPUS – 4